In this consolidated appeal, the defendant appeals from (1) his convictions for dissemination of obscene matter, G. L. c. 272, § 29, and possession of visual material of a child depicted in sexual conduct, G. L. c. 272, § 29C (child pornography); (2) the denial of his motion for a new trial; and (3) the denial of his motion for reconsideration. The defendant raises three arguments on appeal. First, he argues that the trial judge abused her discretion when she allowed the Commonwealth to introduce certain portions (totaling approximately two minutes) of three videotapes (video clips) and eight still photographs (photos), taken from the video clips, of child pornography on the ground that the material was substantially more prejudicial than probative.[2] Next, the defendant argues that the prosecutor improperly appealed to the jury's emotions and stated facts not in evidence during closing argument. Finally, the defendant argues that the trial judge should not have denied his motion for new trial without having made findings on the attached affidavits. We affirm.
We summarize the trial evidence as follows. In June, 2010, while searching through a peer-to-peer file-sharing program, Sergeant Michael Hill of the Massachusetts State police found several child pornography files being made available at a particular Internet protocol address (IPA). By way of subpoena, Hill learned that that IPA was issued to the defendant at his home address in Dorchester. Using screen capture software, Hill recorded his investigation and relayed this information to Boston police, who executed a search warrant at the defendant's home. During that search, a backpack containing two dildos, a prescription bottle of Viagra in the defendant's name, and seven compact discs was found in a corner of the defendant's bedroom closet. Three of those discs, each bearing the defendant's handwritten initials, contained child pornography involving girls between the ages of six and twelve.[3] When told that the police were searching the home for child pornography, the defendant, who had waived his Miranda rights, stated that he did not think they would find any but that, if they did, he would take responsibility for it so his family would not get in trouble. The defendant admitted that the police might find pornography involving teens as young as fifteen. He also admitted using file-sharing programs. The defendant's seventeen year old son admitted to watching pornography involving girls his own age, some as young as fifteen, but denied watching pornography involving young children. The computer in the living room of the house and in the son's bedroom both contained electronic evidence of child pornography.
The defendant argues that the judge abused her discretion when she admitted the video clips and photos because the materials were substantially more prejudicial than probative, especially since he stipulated to the limited fact that the materials satisfied the definition of child pornography. The defendant's willingness to enter into a limited stipulation regarding the materials did not render them any less relevant, nor was the prosecution or the judge required to accept the defendant's stipulation. See Old Chief v. United States, 519 U.S. 172, 186 (1997) ("[T]he prosecution is entitled to prove its case by evidence of its own choice"); Commonwealth v. Lyons, 444 Mass. 289, 298 (2005) (a judge retains her discretion to admit or exclude evidence "even where the defendant agrees to stipulate to the facts that the photograph tends to prove"). "The defendant's willingness to stipulate to a fact does not preclude the Commonwealth from proving it." Commonwealth v. Sleeper, 435 Mass. 581, 599 (2002) (quotation omitted).
Nor can it be seriously disputed that the materials had substantial probative value. They bore directly on the Commonwealth's obligation to prove that the materials were obscene and that the defendant knew they were so. See G. L. c. 272, § 29. In this case, the materials also were relevant to refute the defense that it was the son, rather than the defendant, who had possessed and disseminated them. Indeed, this was the central issue of the case, and the very young age of the children shown in the videos bore directly on it because of the son's statement regarding the age of the girls in the videos he admitted watching. In short, the materials were highly probative.
Relevant evidence will only be excluded if "its probative value is substantially outweighed by a danger of ... unfair prejudice." Mass. G. Evid. § 403 (2017). Evidence does not result in unfair prejudice simply because it may have an emotional impact on the jury. See Commonwealth v. Berry, 420 Mass. 95, 108 (1995) (photographs with evidential value "are not rendered inadmissible solely because they are gruesome or may have an inflammatory effect on the jury" [quotation omitted] ). Instead, "[e]vidence is unfairly prejudicial only if it has 'an undue tendency to suggest decision on an improper basis.' " Commonwealth v. Kindell, 84 Mass. App. Ct. 183, 188 (2013), quoting from Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980). As we noted above, the central question at trial was who possessed the materials-not whether they satisfied the statutory definition of prohibited materials. We fail to see (and the defendant has not explained) how any emotional impact from the video clips or the photos would have made the jury more likely to conclude that the materials belonged to the defendant rather than his son.
Further, this is not a case where the judge failed to review the evidence prior to its admission, or did not engage in a careful balancing of probative value versus unfair prejudice. Cf. United States v. Cunningham, 694 F.3d 372, 390 (3d Cir. 2012). In a multi-stage process, including an in camera review, the judge further narrowed the materials down from the Commonwealth's original proposal to three video clips (totaling approximately two minutes) and eight photos. At the defendant's request, the judge further excluded the final ten seconds of one of the video clips as gratuitous. We find no abuse of discretion in this calculated decision.
The defendant also argues that one of the admitted video clips, the "Vicky" clip, should have been excluded because it, unlike the others, had a musical soundtrack that made it especially prejudicial.[4] Whatever else might be said about this argument, the members of this panel-all of whom have reviewed the video clips-agree that in the context of a video showing a young girl being sexually assaulted while dressed and posed in a type of ritualistic bondage, the soundtrack had no incremental impact whatsoever.
Next, the defendant argues that two statements made by the Commonwealth in its closing argument, that "[t]his is the story of young girls, and they're all girls that you saw, their story is his story" and that the defendant was "compulsively feeding a need," were improper. Considering "the remarks in the context of the entire argument, in light of the judge's instruction to the jury and the evidence at trial," Commonwealth v. Jones, 432 Mass. 623, 629 (2000), we discern no error. The Commonwealth's statement regarding the "story" was woven into the Commonwealth's overarching argument that the case was about whose story-the Commonwealth's or the defendant's-was consistent with the evidence. The Commonwealth's statement regarding the defendant "feeding a need" was supported by the evidence at trial that showed the child pornography was found among other objects used for sexual gratification.
Finally, the defendant argues it was error for the judge to deny his motion for new trial without making findings on the affidavits attached to his motion. We disagree. The judge was not required to make findings as to the statements contained in those affidavits. There was no error.[5]
Judgments affirmed.
Order denying motion for new trial affirmed.
Order denying motion for reconsideration affirmed.

The members of the panel have viewed the video clips and the photos at issue.

The materials had been transferred onto the discs on February 11, February 29, and March 5, 2010. On one of these dates, February 11, 2010, the defendant's daughter, whom he suggested might have planted the discs, was in school.

The defendant also claims that the judge could not properly assess the prejudice of this video clip because the judge never heard the audio during her in camera review. The record does not support this argument. Trial counsel's affidavit does not unambiguously state that the audio was not played during that review, only that he does not remember the audio playing. Furthermore, we find persuasive that the trial transcript reveals no surprise by either the judge or counsel when the video clip (with audio) is played to the jury.

As noted by the defendant, the judge invited both parties to provide the court with proposed findings with respect to the record. In response, the parties submitted a joint statement of the record, pursuant to Mass.R.A.P. 8(e), as amended, 378 Mass. 932 (1979), all of which the judge adopted. The defendant did not submit any further proposed findings to the judge.